Filed 11/12/25  P. v. Curry CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| | A167782 |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RENARD RICKY CURRY,<br><br>    Defendant and Appellant. | (Contra Costa County<br>Super. Ct. No. 05001407857)<br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING; NO CHANGE IN JUDGMENT** |

THE COURT:

It is ordered that the opinion filed herein on October 16, 2025, be modified as follows.

At page three, the text reading:  "who bears some resemblance to Curry, but, he testified, had a large beard at the time of the shooting" shall be deleted and replaced with:  "who bears some resemblance to Curry, but Brian F. told police that he had a large beard at the time of the shooting."

The petition for rehearing, filed November 3, 2025, is denied.  Appellant did not raise the arguments in the petition in his opening brief or in any post-remand supplemental briefing.

There is no change in the judgment.

Dated: _____                    BROWN, P. J.

Filed 10/16/25  P. v. Curry CA1/4 (unmodified opinion)
Opinion following transfer from Supreme Court
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>RENARD RICKY CURRY,<br><br>     Defendant and Appellant. | A167782<br><br>(Contra Costa County<br>Super. Ct. No. 05001407857) |

This case comes before us on remand from the Supreme Court with directions to vacate our decision reversing the denial of Renard Ricky Curry's Penal Code section 1172.6[1] resentencing petition and to reconsider the cause in light of the recently decided *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*).  *Patton* disapproved case law limiting the trial court's ability to consider preliminary hearing testimony in determining whether a petitioner has made a prima facie showing of entitlement to resentencing.  (*Id.* at pp. 568–569 & fn.12.)  In view of this, we now affirm the trial court's order.

---

[1] Originally codified as section 1770.95 and renumbered effective June 30, 2022, with no change in the text.  (Stats. 2022, ch. 58, §10.)  For ease of reference, we use the current citation throughout.
Unless otherwise noted, further undesignated statutory citations are to the Penal Code

## BACKGROUND

### 1. Legal Principles

Effective 2019, the Legislature amended our state's felony murder law " 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)  Subsequent legislation clarified that relief under section 1172.6 extends to manslaughter and attempted murder under the natural and probable consequences doctrine. (*People v. Glass* (2025) 110 Cal.App.5th 922, 926; *Patton, supra,* 17 Cal.5th at p. 558.) As a consequence, malice may no longer be imputed to a homicide defendant solely because they participated in another crime.  (*Patton,* at p. 558.)

A defendant seeking relief from a murder conviction under a theory disallowed by these amendments may petition the trial court to vacate the conviction and for resentencing on any remaining counts.  (§1172.6, subd. (a).)  To do so, the petitioner must first file a facially sufficient petition stating that, among other allegations, he or she could not presently be convicted of murder or attempted murder due to the 2019 amendments. (§1172.6, subds. (a), (b)(1)(A); *Patton, supra,* 17 Cal.5th at pp. 558–559.)

If the court finds the petition facially sufficient, the petitioner is appointed counsel; the prosecution must, and the petitioner may, submit briefing; and the court holds a hearing to determine whether the petition establishes a prima facie case for relief.  (§1176.2, subd. (c); *Patton, supra,* 17 Cal.5th at p. 559.)  At this stage the court may not reject the petition's factual allegations on credibility grounds unless they are refuted by facts in the underlying record of conviction.  (*Patton,* at p. 563; *Lewis, supra,*

11 Cal.5th at pp. 970–971.)  If they are not, the court proceeds to an evidentiary hearing at which the People have the burden of proving beyond a reasonable doubt that the petitioner is guilty under the amended law. (§1172.6, subds. (c), (d); *Patton,* at p. 559.)

**2. Factual and Procedural History**

This factual summary is taken from the transcript of the preliminary hearing preceding Curry's plea.[2]

Curry believed Timothy Smith, Jr., had robbed him and his brother of a gun.  Several months later a sole assailant approached Smith, shot him once in the head, then fled to a waiting car and told passengers Demetria T. and Brian F. that he had "handled his business."  Both passengers identified Curry as the shooter.  The person depicted in video surveillance footage of the shooting was of similar height, build, and complexion to Curry.

Brian F.'s brother tentatively identified the assailant in the footage as Brian F., who bears some resemblance to Curry but, he testified, had a large beard at the time of the shooting.  The person depicted on the surveillance footage did not.  A bystander who witnessed the shooting eliminated Brian F. as the culprit from a photographic lineup.

Curry pleaded no contest to voluntary manslaughter and four related felonies and admitted personally using a firearm and committing manslaughter while on bail.  He stipulated as the factual basis of his plea

---

[2] We denied the People's motion to judicially notice this transcript when we originally considered Curry's appeal.  (*See Mangini v. R.J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063 [only relevant matters are subject to judicial notice], overruled on another point in *In re Tobacco Cases II* (2007) 41 Cal.4th 1257, 1276.)  In view of *Patton, supra,* 17 Cal.5th 549, we now grant the motion pursuant to Evidence Code sections 452, subdivision (d), and 459.

that a finder of fact who heard the evidence against him could find him guilty. The court sentenced him to an aggregate prison term of 25 years and 8 months.

In 2022, Curry petitioned the trial court for resentencing under section 1172.6. He alleged by checking boxes on a preprinted form that he was entitled to relief because, as relevant here, he could not presently be convicted of murder due to the 2019 changes to the Penal Code. Neither the form petition nor Curry's supporting brief raised factual allegations about the shooting, and he submitted on the pleadings at the prima facie hearing.

At that hearing, the court expressly declined to consider the preliminary hearing transcript but determined from the remainder of the underlying record that Curry was the actual killer. It explained Curry was the only person charged with malice aforethought murder with personal and intentional discharge of a firearm causing great bodily injury or death; that he pled to voluntary manslaughter with gun use, false imprisonment by violence of the same victim, carrying a loaded firearm, and other crimes all occurring on the same day; and that he stipulated to the factual basis of his plea. "Just looking at the record of conviction, not even considering the transcript from the preliminary hearing, just looking at that, there's no possibility that anybody but Mr. Curry was the actual killer."

Curry appealed, asserting the record of conviction failed to foreclose the possibility that he could presently be convicted under a now-invalid theory of murder liability. The Attorney General responded that the record including the preliminary hearing transcript conclusively established Curry was the actual killer, and invited this court to reconsider our conclusion in *People v. Davenport* (2021) 71 Cal.App.5th 476 (*Davenport*), later disapproved in *Patton, supra,* 17 Cal.5th at p. 569 & fn. 12, that courts may not rely on

preliminary hearing testimony to deny a petition at the prima facie stage unless–as was not the case here–the petitioner had stipulated to it as a factual basis for the plea. (See *Davenport,* at p. 481; but see, contra*, People v. Pickett* (2023) 93 Cal.App.5th 982, 992, review dism. July 9, 2025 [disagreeing with *Davenport*]); *People v. Muhammad* (2024) 107 Cal.App.5th 268, 279–281, review dism. July 9, 2025 [petition properly denied where preliminary hearing transcript established petitioner was convicted on theory he was the actual perpetrator].)

We declined that invitation, noting the issue was then pending in the Supreme Court. Finding the record insufficient to refute Curry's allegations without the preliminary hearing evidence, we reversed.

The Court subsequently issued its opinion in *Patton, supra,* 17 Cal.5th 549, and remanded to this court with directions to vacate our decision and reconsider the cause in light of its holding. (*People v. Curry* (July 16, 2025, S287780).) We do so now.

## ANALYSIS

We agree with the Attorney General that, on the full record, Curry is as a matter of law ineligible for section 1172.6 relief. Expressly disapproving *Davenport*, *supra*, 71 Cal.App.5th 476, *Patton* holds the trial court may properly rely on unchallenged facts in a preliminary hearing transcript to refute conclusory allegations in a form petition regardless of whether the petitioner stipulated to the transcript as the factual basis of their plea. (*Patton*, *supra*, 17 Cal.5th at p. 564.) Here, the preliminary hearing testimony supports only the theory that Curry was the shooter. Moreover, that he alone was charged and admitted to personally using a handgun in committing manslaughter further indicate he was the sole, direct perpetrator.

5

Confronted with a record containing "unchallenged, relief foreclosing facts" (*Patton, supra,* 17 Cal.5th at p. 569), Curry proffered only conclusory allegations and speculation that some unidentified culprit, not he, could have been the direct perpetrator. "[A] section 1172.6 petitioner who, despite having access to counsel upon submission of a facially sufficient petition, offers only conclusory allegations of entitlement to relief, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not, thereby, made a prima facie showing." (*Patton,* at p. 565.) That is the case here.

## DISPOSITION

Our original opinion in this matter is vacated. The trial court's order denying Curry's resentencing petition is affirmed.

CLAY, J.*

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.

---

*Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.